UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Broward Division

CASE NO. 09-61903-CIV-COHN-SELTZER

AUTOMATED TRANSACTION CORP.
a Florida corporation,

        Plaintiff,

v.

BILL ME LATER,
a Delaware corporation,

        Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rule 12(b)(6), Fed.R.Civ.P., Defendant Bill Me Later, Inc., ("BML") respectfully moves the Court to dismiss Plaintiff Automated Transaction Corporation's ("ATC" or "Plaintiff") Complaint with prejudice for failure to state a claim upon which relief can be granted.[1] Plaintiff fails to state a valid claim of patent infringement pursuant to 35 U.S.C. § 281.   Moreover, as shown herein, Plaintiff cannot rectify the fatal deficiencies in the Complaint, as the very language of the subject patent, U.S. Patent No. 6,122,624 to Tetro ("the '624 Patent"), attached to the Complaint as Exhibit A, does not support, and indeed contradicts, the gravamen of Plaintiff's own allegations.   This

_____

[1]  BML's response to the Complaint was originally due on or about December 24, 2009.  By agreement of the Parties and the Court's approval of same, this response is due on January 11, 2009.  [D.E. 13].

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

**LASH & GOLDBERG LLP**
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

motion focuses on one aspect of the '624 Patent claim:  its required use of the entire social security number.[2]

Plaintiff predicates its one-count claim on the allegation that BML is using a portion of a customer's social security number in its business practice, and that such use infringes upon Plaintiff's patented fraud detection process.  Plaintiff alleges that "with the ATC system" an "identifiable portion of the customer's social security number may be used."  Compl., ¶¶11-12.  But in fact, every claim of the '624 Patent requires the use of the entire social security number.  Moreover, nothing in the specification of the '624 Patent provides any suggestion that ATC's "invention" can be practiced by use of a portion of the customer's social security number.

Consequently, Plaintiff utterly fails to satisfy the legal standard requiring a patentee to allege that the accused infringer has practiced each and every element or limitation of the claimed invention.  Stated another way, Plaintiff has not and cannot allege that BML's process of using a portion of a customer's social security number meets the limitations within Plaintiff's patent.  Indeed, this Court has recently recognized

---

[2] This Motion focuses on ATC's failure to sufficiently allege infringement concerning the social security number element within the '624 Patent, because it is case dispositive at the pleading stage.   Nevertheless, BML does not agree or suggest that ATC has properly alleged infringement concerning any other element of the '624 Patent, or that the use of the social security number is the reason why the '624 Patent was allowed by the United States Patent and Trademark Office.   BML specifically reserves all of its rights regarding those matters, if necessary.

2

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

that such a failure, as a matter of law, negates a patent infringement claim.[3] Accordingly, the Complaint must be dismissed in its entirety, and with prejudice.[4]

A summary of Plaintiff's allegations, an outline of the applicable legal standards and the substantive arguments in support of this motion to dismiss are set forth below.

## I.   PLAINTIFF'S ALLEGATIONS

### a. Background

More than one year ago, on November 19, 2008, ATC's counsel wrote BML, claiming that BML was using an internet billing system providing an open ended credit account using social security numbers. ATC claimed that its "initial opinion" was that BML was infringing the '624 Patent. Compl., Exhibit B. ATC demanded that BML cease using the "social security number billing system." Id. at Exhibit B-2. On November 26 and December 24, 2008, BML responded that it had completed a review of the '624 Patent and its file history and concluded that that there was "a clear finding that no infringement exists." Compl., Exhibits C and E.[5] BML further stated:

> If you continue to believe infringement exists, however, we request that you provide us with claim charts detailing – on a claim limitation by claim limitation basis - how the Bill Me

---

[3]  See Flexiteek Americas, Inc. v. Plasteak, Inc., 641 F.Supp.2d 1297, 1303 (S.D. Fla. 2009) (discussed infra).

[4]  Due to the case-dispositive nature of this motion, Plaintiff has concurrently filed a motion to stay discovery in this case pending a ruling on this motion to dismiss.

[5]  eBay Inc. purchased BML in or about October, 2008. Therefore, eBay Inc. responded on behalf of BML in December, 2008.

3

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

> Later service reads on the claims of the 624 patent.  We will
> consider such information should you decide to provide it
> and will certainly respond in a timely and appropriate
> manner.

Compl., Exhibit E.  ATC did not provide any claim charts and offered no other response.

Almost a year later, on December 1, 2009, ATC filed the instant one-count complaint for

patent infringement, seeking, among other relief, an injunction, destruction of infringing

devices or services, compensatory damages, treble damages, disgorgement of profits

and attorney's fees and costs.  Compl., pp. 5-7.

### b.  The Complaint

In its Complaint, Plaintiff describes the '624 Patent as a fraud detection computer

process which uses the "consumer's billing address and social security number" to

process credit requests for on-line consumers.   Plaintiff explains that the consumer

inputs his or her social security number into ATC's patented fraud detection electronic

payment system. Compl. ¶¶ 9-10.   Crucially, Plaintiff then alleges that "[a]ll or an

identifiable portion of the social security number may be used with the ATC system,"

and that "ATC's patent uses  . . . an identifiable portion of the consumer's social security

number" to determine whether a request should be approved.  Compl., ¶¶ 11-12.

Plaintiff then turns to BML's process and alleges that BML uses a portion of the

social security number to electronically process the credit request.   Compl., ¶ 14.

Plaintiff alleges, upon information and belief, that the BML system operates by collecting

4

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

a portion of the consumer's social security number and the consumer's birth date. Compl., ¶ 15(d).   Based on the use of a portion of the consumer's social security number by BML, plus additional steps alleged to be performed by BML, the merchant, or the consumer, Plaintiff alleges that it "believes" BML is infringing on claims 1-6, 10, 12, 13, 14, 18, 20, 21, 22, and 23, contained within the '624 Patent. Compl., ¶ ¶ 14, 17.

### c.  The '624 Patent

The '624 Patent is attached to the Complaint at Exhibit A, and is therefore incorporated therein for all purposes.[6]   The '624 Patent contains an Abstract, an Objects and Summary of the Invention section, supporting Drawings, and the "claims" that precisely define the scope of ATC's alleged inventions.   Critically, the plain language of the '624 Patent does <u>not</u> contain any reference or language indicating that ATC's patented processes utilizes or can utilize "a portion" of the customer's social security number.   Rather, the '624 Patent plainly describes a process which requires the use of the <u>entire</u> social security number of the purchaser (which is comprised of nine digits).

For example, the Abstract states:

> A method and system for enhanced fraud detection in electronic purchase transactions from a remote site.  A user at a remote terminal attempting to conduct an electronic

---

[6]  In addition to the '624 Patent at Exhibit A, Plaintiff also attaches several other exhibits.  ATC's demand letter and follow up letter are attached at Exhibits B and D.  BML's response letters are attached at Exhibits C and E.

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

> purchase is prompted to input the user's billing address and
> social security number . . . .
>
> Initially, the input social security number is communicated to
> a local account database containing information about
> customers as identified by their social security number, then
> a determination is made whether the account associated
> with that social security number has been authorized for use.

Compl., Exhibit A-1 (emphasis supplied). See Hill-Rom Co. v. Kinetic Concepts Inc., 209 F.3d 1337, 1341 (Fed.Cir.2000) (noting that courts frequently look to the abstract to determine the scope of the invention); Arlaine & Gina Rockey, Inc. v. Cordis Corp. 2004 WL 5504978 (S.D. Fla. 2004) (finding that the abstract summarizes the entire invention, not simply the  preferred embodiment) (citations omitted).

Similarly, the Objects and Summary of the Invention section provides that an object of the invention is to provide a fraud detection system from a remote site "by utilizing identifying data that is not readily attainable by a fraudulent user."  Compl., Exhibit A, col. 2, lines 29-34.  The '624 Patent then goes on to state:

> A user at a remote terminal, such as a telephone or personal
> computer, attempting to conduct a purchase transaction is
> prompted by an automated transaction processing system to
> input the user's address, telephone number, and social
> security number.   The information input by the user is
> retrieved and used for identification purposes.
>
> Initially, the input social security number is communicated to
> a local account database containing information about
> customers as identified by their social security number.  If
> the local account database contains the input social security
> number, then a determination is made whether the account

6

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

associated with that <u>social security number</u> has been authorized for use.

Compl., Exhibit A., col. 2 lines 43-55 (emphasis supplied).   The '624 Patent also states:

Furthermore, <u>social security numbers inherently provide reliable identification of individuals, since they are unique to each individual</u> as assigned by the U.S. Government.  By storing information about an individual in association with the individual's <u>social security number</u>, as occurring in databases 16 and 22, personal information about the individual is stored in association with <u>a unique number which particularly identifies the individual</u>.

Compl., Exhibit A., col. 7 lines 45-52 (emphasis supplied).

ATC's explanation of the use of the entire social security number as a feature in this patented process is important, as the law recognizes that descriptions of the invention as a whole define the limits of the invention and are likely to be found, as here, in the Summary of Invention.  <u>See</u> <u>Verizon Services Corp. v. Vonage Holdings Corp.</u>, 503 F.3d 1295, 1303 (Fed. Cir.2007) ("When a patent describes the features of the 'present invention' as a whole, this description limits the scope of the invention."); <u>C.R. Bard, Inc., v. United States Surgical Corp.</u>, 388 F.3d 858, 864 (Fed. Cir. 2004) ("Statements that describe the invention as a whole are more likely to be found in certain sections of the specification, such as the Summary of Invention.").

The Drawings incorporated into the '624 Patent likewise demonstrate that the entire social security number is used.  <u>See</u>, <u>e.g</u>, Compl. Exhibit A-5 Fig. 3, step 108

7

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

("user enters social security number" and Fig.5, step 500 "reverse match SSN to obtain and compare its listed name/address.")

Additionally, each and every claim of the '624 Patent requires that the customer input a "social security number" and not a portion, part, piece or partial number.  In total, the '624 Patent is comprised of 26 claims, yet each claim, independently or dependently, incorporates and relies upon the use of a social security number.  For example (and without limitation), claim 1 repeatedly states that it is the "input social security number" which is utilized by the process to approve or disapprove a credit request.  See, e.g., claim 1 at Col. 9, lines 9-14; Exhibit A-13.  The balance of the claims are either dependent on claim 1 or independently recite "social security number."  No claim contained within the '624 Patent refers to or suggests that the ATC patented process utilizes a portion or partial social security number.[7]

Moreover, there is nothing in the '624 Patent containing a single reference to the use of a portion of a social security number to practice any of its alleged "inventions."  A review of the Abstract, the Objects and Summary of Invention, the Drawings and the claims demonstrates that the patented process requires the use of the entire social

---

[7]  Of the 26 claims in the '624 Patent, ATC alleges that BML is infringing upon claims 1-6, 10, 11, 13, 14, 18, 20, 21, 22, and 23; may be infringing upon claims 9, 17 and 26, and at the present time, without discovery, is not infringing upon claims 7, 8, 15, 16, 24, and 25.  Compl., ¶ 17.  Notwithstanding this allegation, as more fully explained herein, since each of the 26 claims requires use of the entire social security number, BML cannot infringe upon any claims of the '624 Patent due to BML's alleged use of a portion of a social security number.  Wahpeton Canvas Co. v. Frontier, Inc., 870 F.2d 1546, 1553 n. 10 (Fed.Cir.1989)

8

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

security number.  As a result, and as explained further below, Plaintiff's conclusory allegations of patent infringement against BML for using a portion of the social security number are directly contradicted by the '624 Patent itself.  Therefore, Plaintiff's Complaint is legally deficient with respect to its purported claim of patent infringement and should be dismissed in its entirety.

## II.   MEMORANDUM OF LAW

### a.  Legal Standard for Motion to Dismiss

Rule 8(a) of the Fed.R.Civ.P. requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007).  The Supreme Court has held that:  "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (internal citations omitted).

When considering a motion to dismiss, the Court must accept all of plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  However, the Court is "not bound to accept as true a legal conclusion couched as a factual

9

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).  No weight need be given to "bald assertions or unsupported conclusions."  <u>New Hampshire Podiatric Medical Ass'n v. New Hampshire Hosp. Ass'n</u>, 735 F. Supp. 448, 450 (D.N.H. 1990).

It is well settled law in the Eleventh Circuit that when the exhibits attached to a pleading contradict or conflict with the allegations in the pleading, the exhibits are controlling.  <u>See</u> <u>Crenshaw v. Lister</u>, 556 F.3d 1283, 1292 (11th Cir. 2009); <u>Griffin Industries, Inc. v. Irvin</u>, 496 F.3d 1189, 1205-06 (11th Cir. 2007); <u>Prohias v. Pfizer, Inc.</u>, 490 F. Supp. 1228, 1231 n.2 (S.D. Fla. 2007); <u>Gross v. White</u>, 2008 WL 2795805 at *6 n.5 (M.D. Fla. 2008).

These principles apply equally to all types of litigation, including patent litigation. As the Court is well aware, the expenses associated with discovery in patent matters are extraordinary.  Therefore, it is clear that a complaint found to have insufficient allegations does not justify discovery.  <u>Twombly</u>, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process").  Here, as more fully explained below, the allegations in ATC's Complaint are flatly contradicted by the plain language of the '624 Patent attached to the Complaint.  Thus, the Complaint's allegations must give way to the terms of the '624 Patent for purposes of a 12(b) analysis.  <u>Ashcroft v. Iqbal</u> ___U.S. ___, 129 S. Ct. 1937, 1940 (2009) (finding a complaint must be dismissed in cases in which a plaintiff fails to allege facts that would allow the court to "draw the reasonable

10

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

inference that defendant is liable for the misconduct alleged"). The District Court has previously dismissed such claims. See Flexiteek Americas, Inc. v. Plasteak, Inc., 641 F.Supp.2d 1297, 1303 (S.D. Fla. 2009) (discussed infra); see also Global Patent Holdings, LLC v. Panthers BRCH, LLC, 586 F.Supp.2d 1331, 1335 (S.D. Fla. 2008) (granting defendant's motion to dismiss for failure to adequately plead patent infringement claim), aff'd per curiam, 2009 WL 886300 (Fed. Cir. 2009).

**b. Plaintiff Has Failed to State a Patent Infringement Claim**

As this Court recently stated in Flexiteek Americas, Inc. v. Plasteak, Inc., 641 F.Supp.2d 1297, 1303 (S.D. Fla. 2009):

> To succeed on an infringement claim, a patentee must supply sufficient evidence to prove that the accused product or process meets every element or limitation of a claim. See Lemelson v. United States, 752 F.2d 1538, 1551 (Fed.Cir.1985) ("It is ... well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element ... in the accused device."); Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed.Cir.1991) ("the failure to meet a single limitation is sufficient to negate infringement of the claim").

ATC fails this test. First, the gravamen of Plaintiff's complaint is directly contradicted by the plain language of the '624 Patent, and thus the language of the '624 Patent controls. Second, since the plain language of the '624 Patent reveals that ATC's process is dependent upon use of the entire social security number, and ATC concedes

11

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

that BML uses only a portion of the social security number in its process (, Plaintiff's complaint fails to state a legally cognizable claim.

i.    The '624 Patent Contradicts Plaintiff's Allegations

As a matter of law, the terms of a document attached to the Complaint supersede and nullify any contrary allegations in the Complaint.  See Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009); Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The sum and substance of ATC's complaint is ATC's allegation that the '624 Patent allows "[a]ll or an identifiable portion of the social security number" to be used with the ATC system, and that the '624 Patent uses "an identifiable portion of the consumer's social security number" to determine whether a credit request should be approved.  Compl., ¶¶ 11-12. ATC then alleges that since BML's process utilizes a portion of the consumer's social security number, see Compl., ¶ 15(b), BML is infringing upon the '624 Patent.

Unfortunately for ATC, its allegations that the '624 Patent utilizes a portion of a social security number do not recite, cite or outline any supporting language from the Patent, because none exists.  As outlined above, each of the 26 claims in the '624 Patent uses the plain and unambiguous term "social security number" and does not utilize any modifying language referring to a "partial," "piece" or "portion" of such number.  Consistent with the claims' language, the specification of the '624 Patent repeatedly and unambiguously states that the number input or verified in its process is

12

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

the entire social security number of the purchaser, not a portion or piece thereof. Further, the specification of the '624 Patent makes clear that the inventors used the "social security number" because these nine digit numbers are unique to each individual as assigned by the United States Government. Compl., Exhibit A, Col. 7, lines 40-47.

Additionally, ATC specifically states that in its process, the social security number input by the consumer is then matched with a social security number contained within a local database. Compl., Exhibit A, Col. 3, lines 6-15.  There is no suggestion or reference in the '624 Patent that the database used for comparison purposes contains partial social security numbers, rather than whole (nine digit) social security numbers. Moreover, given that ATC admits that BML uses only a portion of the social security number, the available permutations of the digits would be substantially less than those permutations available in ATC's process.  There is no mention or consideration of such a limitation in the '624 Patent.

The only support offered in the Complaint for the proposition that the '624 Patent uses a portion of the social security number is ATC's citation to its own demand letter at Exhibit B.  In this letter, ATC's counsel recites the same allegation that is found now in paragraph 11 of the Complaint and then cites to four (4) locations in the '624 Patent where this proposition is purportedly supported.  However, an examination of each of these citations does not support ATC's contention in any manner.  In fact, the passages referred to in the '624 Patent supports BML's position.

13

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

The first citation references a portion of the '624 patent (Col. 8, line 50) which simply states that '[i]n accordance with the present invention will (sic) minimize fraudulent purchases by utilizing identifying social security number data that is not readably attainable or accessible by a fraudulent user which particularly and reliably identifies an individual."    Contrary to ATC's citation, there is no suggestion in this language, either expressly or implicitly, that a portion or partial social security number is utilized within the patented process.  The best ATC can hope for is that "identifying data" somehow suggests a "portion" of the social security number may be used. However, multiple statements in the specification of the patent flatly contradict that notion.  For example, Column 7, line 40 (another offered by ATC's counsel in his November 2008 letter) states that "[s]ince most people do not carry their social security number on their person, this identifying data will not be readily available . . . .[emphasis supplied] "  Thus, "identifying data" is further defined in the Patent as being the "social security number," not a portion or piece of the number.[8]  See also, Column 7, lines 45-52 and Column 8, lines 48-53 ("Furthermore, social security numbers inherently provide reliable identification of individuals, since they are unique to each individual as assigned by the U.S. Government.  By storing information about an individual in association with the individual's social security number, as occurring in databases 16 and 22, personal

---

[8]    For these reasons, ATC's counsel's other two references to the '624 Patent are equally unhelpful to ATC's position.  See Column 2, line 32 and Column 2 line 36 (both referencing "identifying data").

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

information about the individual stored in association with a unique number which particularly identifies the individual."  "Moreover, the system and method for enhanced fraud detection in automated electronic purchase transactions performed in accordance with the present invention will minimize fraudulent purchases <u>by utilizing identifying social security number data</u> that is not readily attainable or accessible by a fraudulent user and which <u>particularly and reliably identifies an individual</u>.")(emphasis supplied).

ATC's citation in the Complaint to its own demand letter does nothing to alter the conclusion that ATC's complaint is fatally flawed, cannot be rectified by discovery, and should be dismissed in its entirety due to the plain language of the '624 Patent.[9]

### b. ATC Fails to Allege Infringement As A Matter of Law

Since the plain language of the '624 Patent reveals that ATC's process is dependent upon use of the entire social security number, and ATC concedes that BML uses only a portion of the social security number in its process, Plaintiff's complaint fails to state a legally cognizable claim.   It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude. <u>Phillips v. AWH Corp</u>., 4415 F.3d 1303, 1312 (Fed. Cir. 2005).  Claim terms are

---

[9] ATC purports to characterize BML's current products and services in one sentence and by referencing pending patent applications of BML, which indicate to ATC that BML ""uses social security numbers and billing addresses and time factors and phone numbers to approve or disapprove the open ended credit account requests."  See Exhibit B-2 p. 2 . However, it does not allege, and indeed could not allege, that BML's products and services at issue in this lawsuit are embodiments of the inventions contained in these patent applications.

15

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

generally construed in accordance with the ordinary and customary meaning they would have to one of ordinary skill in the art.  Id. at 1312-13. Furthermore, the Supreme Court has explained that it is "unjust to the public, as well as an evasion of the law, to construe ... [an invention] in a manner different from the plain import of its terms." Biovail Laboratories Intern. SRL v. Abrika, LLLP, 2006 WL 6111777 (S.D. Fla. 2006) (citing White v. Dunbar, 119 U.S. 47, 52, 7 S.Ct. 72, 30 L.Ed. 303 (1886)).

As a result, the '624 Patent's use of the word "social security number" should be accepted for exactly what it says - the social security number. The plain and ordinary meaning of "social security number" is the entire number.  The Court should not read into the '624 Patent words such as "piece", "portion", "partial", or "segment" as ATC's complaint suggests.   Indeed, the terms used in the patent claims bear a 'heavy presumption' that they mean what they say and have the ordinary meaning that would be attributed to those words. Texas Digital Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1202 (Fed.Cir. 2002).

Accordingly, BML's alleged use of only a portion of the social security number simply fails to state a claim that the BML's process meets every element or limitation of the claims in the '624 Patent.  A failure to meet even a single claim or limitation is sufficient to negate an infringement claim.  Lemelson, 752 F.2d at 1551 ("It is ... well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element ... in

16

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

the accused device."); <u>see</u> <u>also</u> <u>Laitram Corp.</u>, 939 F.2d at 1535 ("the failure to meet a single limitation is sufficient to negate infringement of the claim").[10]

Thus, ATC's allegations do not rise above "labels and conclusions" under <u>Twombly</u>, which, by their nature, do not demonstrate an entitlement to relief. 550 U.S. at 555. Indeed, the principle articulated by the United States Supreme Court is that the analysis of "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1941 <u>citing Twombly</u>, 550 U.S. at 556. Here, common sense and logic dictate that the plain language of the '624 Patent vitiates any allegation that BML is infringing upon the '624 Patent, as the language of the claims clearly reveals that BML has not – and cannot – perform each and every step of ATC's patented claim. Indeed, given the clear and unambiguous terms of the claims, and the '624 Patent as a whole, ATC cannot now, or in the future, properly allege that its patented process is being infringed as a result of BML's use of a portion of a user's social security number. Thus, the complaint must be dismissed with prejudice.

---

[10] Again, since every claim in the '624 patent requires the use of the purchaser's entire social security number, ATC cannot properly allege a claim of patent infringement. <u>Default Proof Credit Card System v. Home Depot U.S.A.</u>, 389 F.Supp.2d 1325, 1357 (S.D. Fla. 2004) (holding as a matter of law if the only independent claim in the patent is not infringed, no other claim of the patent is infringed) (citing <u>Wahpeton Canvas Co. v. Frontier, Inc.</u>, 870 F.2d 1546, 1553 n. 10 (Fed.Cir.1989)).

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

III.      **<u>CONCLUSION</u>**

     For the foregoing reasons, BML respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award BML all other relief as this Court deems just and proper.

Respectfully submitted:

**LASH & GOLDBERG LLP**
Bank of America Tower, Suite 1200
100 Southeast 2nd Street
Miami, Florida 33131
Telephone: (305) 347-4040
Facsimile: (305) 347-4050
Attorneys for Defendant

By:   /s/ Martin B. Goldberg
        **Martin B. Goldberg**
        Florida Bar No. 827029
        mgoldberg@lashgoldberg.com
        **Justin C. Fineberg**
        Florida Bar No. 0053716
        jfineberg@lashgoldberg.com

18

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX

CASE NO. 09-61903-CIV-COHN-SELTZER

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 11th day of January, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

By:  /s/Martin B. Goldberg
**Martin B. Goldberg**

## <u>SERVICE LIST</u>

Robert C. Kain, Jr., Esq.
Fla. Bar No. 266760
rkain@complexip.com
Kain & Associates, Attorneys at Law, P.A.
900 S.E. 3rd Avenue, Suite 205
Fort Lauderdale, Florida 33316
Telephone: (954) 768-9002
Facsimile:  (954) 768-0158
*Counsel for Plaintiff*

19

BANK OF AMERICA TOWER
SUITE 1200
100 SOUTHEAST 2ND STREET
MIAMI, FLORIDA 33131-2158
305 347 4040 – 305 347 4050 FAX

LASH & GOLDBERG LLP
ATTORNEYS AT LAW
www.lashgoldberg.com

WESTON CORPORATE CENTER
SUITE 317
2500 WESTON ROAD
FT. LAUDERDALE, FLORIDA 33331
954 384 2500 – 954 384 2510 FAX