UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61903-CIV-COHN/SELTZER

AUTOMATED TRANSACTION CORP.,
a Florida corporation,

    Plaintiff,

v.

BILL ME LATER, INC.,
a Delaware corporation,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**
**ORDER DENYING MOTION TO CONVERT MOTION**
**TO RULE 12(D) MOTION FOR SUMMARY JUDGMENT**
**ORDER DENYING AS MOOT MOTION TO STRIKE**

**THIS CAUSE** is before the Court upon Defendant Bill Me Later Inc.'s Motion to Dismiss [DE 20], Plaintiff's Response and Motion to Convert Defendant's Motion into a 12(D) Motion for Summary Judgment [DE 27], Defendant's Omnibus Reply in Support of its Motion to Dismiss; Response in Opposition to Motion to Convert; and Motion to Strike Introduction of Improper Extrinsic Information [DE 35/39], Plaintiff's Reply in Support of its Rule 12(d) Summary Judgment Motion and Response in Opposition to Defendant's Motion to Strike [DE 37], and Defendant's Reply in Support of its Motion to Strike [DE 43]. The Court has carefully considered the motions, related filings and exhibits, and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Automated Transaction Corp. ("ATC" or "Plaintiff") filed this action against Defendant Bill Me Later, Inc. ("BML" or "Defendant") with a single claim for patent infringement pursuant to 35 U.S.C. § 281.  The case involves the alleged unlawful infringement of Patent No. US 6,122,624 ("'624 patent") which was issued to inventors Donald Tetro, Edward Lipton and Andrew Sackheim on September 19, 2000, and assigned to Plaintiff.  Exhibit A to Complaint.  The '624 patent covers a method and system "for enhanced fraud detection in electronic purchase transactions from a remote site," primarily by utilizing an input social security number to verify the authorized user. Id.  The key issue in this case is whether use of a portion of the social security number infringes the claims of the '624 patent.

Defendant BML moved to dismiss the Complaint for failure to state a claim because the '624 patent refers only to a "social security number."  In opposing the motion to dismiss, Plaintiff moves to convert the Rule 12(b)(6) motion into a motion for summary judgment under Rule 12(d).  Plaintiff seeks the Court to perform its claim construction now and consider various pieces of evidence outside the pleadings.  Defendant opposes the motion to convert and requests the Court to strike all the extraneous materials submitted by Plaintiff.

While the Court recognizes that this litigation will be moved along if the Court accepts Plaintiff's invitation to engage in claim construction now, prior to discovery, the Court declines to do so absent agreement of the parties.  In addition, in order to pursue a claim for infringement by doctrine of the equivalents, Plaintiff must file an Amended

Complaint stating such an alternative claim.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

3

## B.  Plaintiff's Complaint

Defendant asserts that Plaintiff has failed to state a claim because the allegedly infringing product only uses a portion of a social security number.  Because of this undisputed fact, Defendant argues that Plaintiff cannot allege that BML has practiced each and every element of the claimed invention.  It is true that each and every claim of the '624 patent requires that the customer input a "social security number" without ever qualifying the term with the words "portion, part, piece or partial."  Defendant states that the contradiction between the allegations of the Complaint and the plain words of the patent at issue doom the infringement claim.

Before discussing Plaintiff's attempt to convert Defendant's motion to one for summary judgment, the Court analyzes the Complaint under the Twombly standard. The Complaint does allege that all or an identifiable portion of a social security number may be used with the ATC patent to determine whether an open ended credit account request to buy goods or services should be approved.  Compl. ¶¶ 11-12.  The Complaint also alleges that BML uses a billing address and a portion of the social security number to electronically process the open credit request.  Id., ¶ 14.  These sufficient factual allegations support the single claim for patent infringement, though it is unclear whether Plaintiff alleges both literal infringement and/or infringement by the doctrine of equivalents.[1]

---

[1]  The doctrine of equivalents is sometimes applied in patent cases to enable the claims of a patent to cover products not within the literal scope of the claim if the product only differs insubstantially from the claim language.  Hilton Davis Chem. Co. v. Warner Jenkinson Co., 35 USPQ 2d 1641 (Fed. Cir. 1996).  One way to show an insubstantial difference is to establish that the substituted element provides

In its opposition to the motion to dismiss (and in support of its Rule 12(d) motion for summary judgment), Plaintiff argues in the alternative that BML's product infringes the '624 patent by both literal infringement and by the doctrine of equivalents.  As noted above, this latter theory of liability is not mentioned in the Complaint.  The Court has researched whether a claim for patent infringement by doctrine of the equivalents must be plead in the Complaint on an alternative basis to literal infringement.  Although the Court could not find a United States Circuit Court of Appeals for the Federal Circuit opinion directly answering this question, the Court did find decisions implying such a requirement.  McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007); Boss Control, Inc. v. Bombardier, Inc., 410 F.3d 1372, 1380 (Fed. Cir. 2005) (claim for infringement by doctrine of equivalents waived when not in complaint or raised in opposition to summary judgment before district court).  This Court cannot conclude that it is a requirement in every case -- only the Federal Circuit or Supreme Court can do so.

Rather, the Federal Circuit did state in McZeal that what is required in an infringement complaint is "notice of what the alleged infringer must defend."  501 F.3d at 1357.  Based upon the record before this Court in this case, Plaintiff will need to amend its Complaint in order to pursue a claim for infringement by doctrine of the equivalents.  Plaintiff cannot amend its Complaint by brief -- the two different theories of infringement must be included in a pleading to properly inform the alleged infringer

---

substantially the same functions in substantially the same way to achieve substantially the same result.  Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 35 (1997).

of what it must defend.

### C.  Motion to Convert Under Rule 12(d)

Plaintiff asks this Court to convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment under Rule 12(d).  Defendant opposes this motion because its own motion to dismiss dealt strictly with the Complaint and attached patent. Defendant argues that as a non-movant, Plaintiff cannot on its own convert a defendant's motion to dismiss into a motion for summary judgment.  As discussed above, Defendant seeks to hold Plaintiff to the allegations in the Complaint and have the Court dismiss the infringement claim.

Plaintiff argues that the Court cannot rule on the Defendant's motion to dismiss until it construes the claims of the patent, an effort that Plaintiff suggests requires the Court to consider matters outside of the pleadings, such as certain prior art, the patent prosecution history (including non-patent references cited therein), online dictionaries, a list of 45 published or pending patents disclosing partial and/or full use of a social security number, and an expert opinion.  See Plaintiff's Notice of Filing Exhibits in Connection with its 12(D) Motion for Summary Judgment [DE's 28 and 29].  Defendant asserts that Plaintiff is attempting to use the Rule 12(d) conversion process to bring before the Court extrinsic evidence that it should not rely upon for claim construction. Defendant  has moved to strike this extrinsic evidence.

While it is clear that an early construction of the claim by the Court would facilitate resolution of this action, Defendant appears to argue that it is entitled to

discovery before the court engages in claim construction. The Court will therefore deny Plaintiff's motion to convert under Rule 12(d) and deny Defendant's motion to strike as moot.

### D.  Patent Infringement and Claim Construction

The critical question that the Court will need to resolve is whether the term "social security number" as used in the '624 patent can also include using a portion of the number. In seeking dismissal of the claims, the Defendant impliedly asks the Court to answer that question "no." The Plaintiff requests the Court to answer that question "yes," in the context of converting Defendant's motion to dismiss to a motion for summary judgment, a procedural device that Defendant opposes.

Under Markman v. Westview Instruments, Inc., 517 U.S. 370, 388-89 (1996), the Court examines the "intrinsic evidence" (the specifications and claims of the patent itself and the prosecution history[2] of the patent) to determine, as a matter of law, the scope and meaning of the asserted claims in the patent. Biagro Western Sales, Inc. v. Grow More, Inc., 423 F.3d 1296, 1302 (Fed. Cir. 2005); Mas-Hamilton Group v. LaGard, Inc., 156 F.3d 1206, 1211 (Fed. Cir. 1998). "[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude." Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1115 (Fed. Cir. 2004)). The Patent Act

---

[2]  The prosecution history is the record of the Patent Office's actions on the patent application, including the inventor's responses. Examples would include PTO rejections and subsequent amendments addressing the examiner's reasons for rejection.

requires a patent application to contain a specification which includes "one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. §§ 111-12. "It is elementary that claim construction begins with, and remains focused on, the language of the claims." Biagro, 423 F.3d at 1302. Patent claims are given their "ordinary and customary meaning" which is defined as "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." Phillips, 415 F.3d at 1312-13 (citations omitted). The objective person of ordinary skill is deemed to interpret the claim at issue in the context of the entire patent. Id. at 1313. If the intrinsic evidence is not clear, the Court may hear extrinsic evidence in the form of expert testimony or affidavits that is not contradictory to the intrinsic evidence. Extrinsic evidence is only relied upon in rare circumstances.

In this case the decision on claim construction is likely to determine whether Plaintiff can prove its infringement cause of action or not. If the Court determines that "input social security number" can only mean the entire nine digits of the number, then it will be difficult if not impossible for Plaintiff to prove infringement if BML's product only uses four numbers. On the other hand, a more expansive reading of "social security number," would enable Plaintiff to proceed with its infringement claims.

### E.  Claim Construction and Discovery

The Court concludes that absent agreement of the parties that claim construction should be done now, prior to discovery, the Court will defer its claim

construction to a later date in this case. The Court can see arguments on both sides of whether "social security number" includes using only a portion of the number. Such a determination will go a long way toward resolving this case, and therefore should be made on a complete record.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Bill Me Later Inc.'s Motion to Dismiss [DE 20] is hereby **GRANTED in part** and **DENIED in part**;

2. If Plaintiff plans to proceed with an alternative claim for infringement by doctrine of the equivalents, then Plaintiff must file an Amended Complaint containing such a claim. The Court grants leave to amend for this purpose;

3. The pleading amendment deadline is hereby extended until May 21, 2010;

4. Plaintiff's Motion to Convert Defendant's Motion into a 12(d) Motion for Summary Judgment [DE 27] is hereby **DENIED**;

5. Defendant's Motion to Strike Introduction of Improper Extrinsic Information [DE 39] is hereby **DENIED as moot**, and is not a ruling as to what evidence will be considered at a later stage of this action;

6. The parties shall proceed with discovery pursuant to the January 8, 2010

Scheduling Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of May, 2010.

JAMES I. COHN
United States District Judge

Copies to:

All counsel of record