UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61903-CIV-COHN/SELTZER

AUTOMATED TRANSACTION CORP.,
a Florida corporation,

    Plaintiff,

v.

BILL ME LATER, INC.,
a Delaware corporation,

    Defendant.
_____/

### ORDER GRANTING MOTION TO AMEND
### ORDER DENYING AS MOOT MOTION TO STRIKE DEFENSES
### AND MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** is before the Court upon Plaintiff's Motion to File Second Amended Complaint [DE 56], Defendant's Opposition [DE 57], Plaintiff's Reply thereto [DE 60], Plaintiff's Motion to Dismiss Defendant's Counterclaim [DE 58], Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 59], Defendant's Opposition [DE 64] to Plaintiff's Motions to Dismiss and to Strike, and Plaintiff's Reply thereto [DE 66]. The Court has carefully considered the motions, related filings and exhibits, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Automated Transaction Corp. ("ATC" or "Plaintiff") filed this action against Defendant Bill Me Later, Inc. ("BML" or "Defendant") with a single claim for patent infringement pursuant to 35 U.S.C. § 281. The case involves the alleged unlawful infringement of Patent No. US 6,122,624 ("'624 patent") which was issued to inventors Donald Tetro, Edward Lipton and Andrew Sackheim on September 19, 2000,

and assigned to Plaintiff.  Exhibit A to Complaint.  The '624 patent covers a method and system "for enhanced fraud detection in electronic purchase transactions from a remote site," primarily by utilizing an input social security number to verify the authorized user.  Id.  The key issue in this case is whether use of a portion of the social security number infringes the claims of the '624 patent.

Defendant BML moved to dismiss the initial Complaint for failure to state a claim because the '624 patent refers only to a "social security number."  In opposing the motion to dismiss, Plaintiff moved to convert the Defendant's Rule 12(b)(6) motion into a motion for summary judgment under Rule 12(d), requesting that the Court perform its claim construction at the outset of the case and consider various pieces of evidence outside the pleadings.  In its May 11, 2010 Order, the Court concluded that: 1) in order to pursue a claim for infringement by doctrine of the equivalents, Plaintiff must file an Amended Complaint stating such an alternative claim by May 21, 2010; 2) Plaintiff's motion to convert under Rule 12(d) should be denied; and 3) absent agreement of the parties that claim construction should be performed prior to discovery, the Court would defer its claim construction to a later date in this case.

Plaintiff then filed its First Amended Complaint [DE 48] and Defendant filed an Answer, Affirmative Defenses and Counterclaim [DE 53/54].  Twenty-one days after the amendment deadline, and after Defendant produced 10,000 pages of discovery, Plaintiff moved for leave to file a Second Amended Complaint that would drop certain patent claims from this infringement action.  Defendant opposes the motion unless the condition of dismissal with prejudice is imposed.  Plaintiff also moves to dismiss the Counterclaim and to strike most of the Affirmative Defenses.  These motions are now

2

ripe for review.

## II. DISCUSSION

### A. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." In construing Rule 15(a), the Supreme Court has held that

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff seeks to amend for the sole purpose of dropping its infringement action as to twelve claims of the '624 patent.[1]

Defendant argues that Plaintiff has failed to meet the Rule 15(a)(2) standard because of the undue prejudice to Defendant. This alleged prejudice has three bases: 1) Plaintiff is belatedly protecting itself from Fed. R. Civ. P. 11 sanctions; 2) Plaintiff is improperly attempting to shift the burden of proof; and 3) Plaintiff is improperly splitting a cause of action.

---

[1] The First Amended Complaint stated that Plaintiff was alleging infringement as to 20 of the 26 claims. The proposed Second Amended Complaint contains a scrivener's error omitting two claims that are still being prosecuted [DE 56-1]. The Third Amended Complaint, attached to Plaintiff's Reply [DE 60-2] corrects this error, and reveals that Plaintiff is pursuing only eight (8) specified '624 patent claims in this infringement action.

### 1.  Rule 11 Argument

Defendant argues that by allowing the amendment which drops certain claims from the infringement allegations, Plaintiff is merely protecting itself from having failed to properly perform a pre-filing investigation.  Defendant asserts that only after it produced 10,000 pages of discovery did Plaintiff realize that it had no evidence to pursue this infringement action on most of the claims in the '624 Patent.  Defendant contends Plaintiff should not receive a free pass and be able to refile the action in the future as to those claims, but rather the Court should dismiss this action with prejudice as to those claims.

The Court agrees with Plaintiff's argument on this issue.  Defendant did not file a proper Rule 11 motion, which has its own pre-filing requirement of twenty-one days notice to the opposing party.  The Court does not find that Defendant's argument regarding Rule 11 is sufficient prejudice to reject amendment.

### 2.  Shifting Burden of Proof

Defendant argues that by inducing it to file a counterclaim seeking a declaratory judgment of non-infringement, and afterwards dropping certain patent claims from its amended complaint, Plaintiff has effectively shifted the burden of proof to Defendant.  Defendant seeks the Court to condition the amendment withdrawing certain claims with a grant of summary judgment of non-infringement as to those claims.

While Defendant's argument has some merit, it is important to note that Defendant filed its counterclaim for non-infringement on all 26 claims, even though Plaintiff's initial complaint did not allege infringement as to all claims.  Thus, Defendant

was already "switching" the burden to itself as to the six claims for which Plaintiff was not seeking infringement.  Upon consideration of the liberal standard for allowing amendments, the Court concludes that the shifting of the burden argument does not rise to undue prejudice under <u>Foman v. Davis</u>.

### 3.  Splitting Cause of Action

Defendant's final argument against Plaintiff's amendment is that Plaintiff is improperly attempting to split its causes of action by pursuing six of the patent claims now and reserving its right to file a later action as to the dropped claims.  Defendant asserts that res judicata would bar Plaintiff's future claims anyway, and therefore Defendant seeks dismissal of the dropped claims with prejudice at this time.

The Court concludes that this argument is also insufficient.  While res judicata still could apply in the future at the end of this case, to impose dismissal now would not be appropriate.  Plaintiff is taking a risk that a court in any future action would preclude an action on other claims of the '624 patent because Plaintiff could have litigated those claims in this action.  <u>Trustmark Ins. Co. v. ESLU, Inc.</u>, 299 F.3d 1265, 1269 (11th Cir. 2002).  In addition, if Defendant is successful on its declaratory judgment counterclaim for non-infringement, Plaintiff's future claims would also be barred.

The Court will grant the motion to amend.  The operative complaint will be the Third Amended Complaint, which corrects the omission in paragraph 19 of the Second Amended Complaint.  See Plaintiff's Reply, n.1 [DE 60].

**B.  Motion to Dismiss Counterclaim**[2]

After the Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint or counterclaim must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

Plaintiff asserts that Defendant's counterclaim for a declaratory judgment contains only conclusory allegations and lacks a factual basis for the counterclaim.  In addition, Plaintiff contends that the counterclaim fails to comply with Fed. R. Civ. P. 8(a) that the claims give the opposing party fair notice of the claims, and violates the one claim per count rule because invalidity and non-infringement are lumped together.  See Fed. R. Civ. P. 10(b).  Finally, Plaintiff argues that Defendant's allegation that "[t]he claims of the '624 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112" does not provide proper notice as four separate bases for invalidity are pled

---

[2]  Although the filing of the Third Amended Complaint would technically moot Defendant's defenses and counterclaim, the issues raised by Plaintiff's motions to dismiss are likely to continue to be contested.  Therefore, the Court addresses some of those issues at this time, as the parties have fully briefed the issues.

together.

Defendant first suggests the Court defer ruling if the Plaintiff's amendment is allowed. On the merits of Plaintiff's argument, Defendant contends that Plaintiff has fair notice of the counterclaims given the amount of discovery that has taken place. Defendant does not address the fact that it lumped together two claims and four different theories in a single count.

The Court concludes that although the motion to dismiss is now moot, if Defendant refiles its counterclaim, it shall separate claims for non-infringement and invalidity into separate counts. In addition, Defendant shall separate the different statutory bases for invalidity into separate paragraphs, thus making clear whether Defendant is in fact alleging all four theories.

### C. Motion to Strike Affirmative Defenses

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient defense." Though disfavored in federal practice, a motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958).[3] Plaintiff argues that under Rule

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

8(b), Defendant has failed to give Plaintiff fair notice of the nature of the defense and the grounds upon which it rests.

The Court directs the parties to the instructions of In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988), in which the Circuit Court of Appeals stated that: "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." Under Rule 8(b) and (c), defenses should also be "short and plain," and any matter constituting an avoidance or affirmative defense shall be set forth as an affirmative defense.

Although the motion to strike is technically moot given the leave to file the Third Amended Complaint, the Court does agree with Plaintiff as to some insufficiencies of certain defenses. For example, the Second Affirmative Defense of invalidity violates the one claim per defense rule in Fed. R. Civ. P. 10(b), in that four separate theories are mentioned. As with the counterclaim, if realleged, each statutory basis for invalidity should be broken out into separate defenses. The Fourth Affirmative Defense should identify a date of whatever Patent Office filing Defendant relies upon for prosecution history estoppel. Similarly, the Seventh Affirmative Defense as to statutory notice should also provide a date of the purported notice, while the Ninth Affirmative Defense regarding license should include a date as to the grant of such license. Finally, the Eleventh Affirmative Defense should be split up if Defendant realleges all four defenses contained within that one defense.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to File Second Amended Complaint [DE 56] is hereby **GRANTED**;

2. Plaintiff shall separately file the Third Amended Complaint [DE 60-2] as a separate docket entry in CM/ECF within 3 business days;

3. Plaintiff's Motion to Dismiss Defendant's Counterclaim [DE 58] is hereby **DENIED as moot**;

4. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE 59] is hereby **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of August, 2010.

_____
JAMES I. COHN
United States District Judge

Copies to:

All counsel of record